IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

FILED
IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

REGINA THOMAS,
CLERK

BY: _____
DEPUTY CLERK

| | |
|---|---|
| In Re: Glenn Royce Favre, | ) Case No. 08-85264-MHM |
| | ) |
| | ) |
| GLENN ROYCE FAVRE, | ) |
| Claimant. | ) |
| | ) Adversary Action No. 09-9072 |
| v. | ) |
| | ) |
| ERIC MILLER, | ) |
| Defendant. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT**

Comes Now the Defendant, Eric Miller, by and through undersigned counsel and files this his Response to Plaintiff's Request for Summary Judgment and in Support Defendant states as follows:

I. **FACTS**

On or about December 9, 2008, the Plaintiff herein filed a voluntary petition for a Chapter 7 bankruptcy. On March 23, 2009, the Trustee filed a report and certified that he had made diligent inquiry into the financial affairs of the Plaintiff and the location of the property of the estate and that there is no property available for distribution. On April 7, 2009, the Plaintiff was discharged and the case was closed. There is no pending Bankruptcy action.

The Plaintiff Glenn Favre owns and operates a Georgia Corporation known as Top to Bottom Renovations LLC, "The Company". The company is in the business of

1

providing construction services. In or about August 2008 the Defendant herein entered into a contract with The Company for The Company to provide certain construction work on the Defendant's property.[1] The contract provided for a completion date of September 26, 2008, after which time a material breach of the contract would occur if the work was not completed. (Affidavit of Eric Miller filed in Support of Motion to Dismiss). As of September 26, 2008, the work was not completed and a material breach of the contract had occurred. On September 29, 2008, The Company and the Defendant entered into an Amendment to the contract which extended the completion date until October 14, 2008. (Affidavit of Eric Miller). As of October 14, 2008, the work to be performed pursuant to the contract and the amendments thereto had not been completed and some of the work that was completed was sub-standard and not to industry standards.

As of October 14, 2008, the Defendant had paid to The Company the total sum of $28,900 towards the completion of the contract which was $8,000 in excess of the original contract amount. (Affidavit of Eric Miller). Due to the dispute between the Defendant and The Company a lawsuit was filed by The Company against the Defendant on November 26, 2008, in the Magistrate Court of Fulton County. (Affidavit of Eric Miller). On April 15, 2009, the Plaintiff amended its complaint seeking damages higher than the jurisdictional limit in Magistrate Court and the case was transferred to the State Court of Fulton County, Civil Action No. 09VS160028-B, "State Court Case". (Affidavit of Eric Miller). The State Court case is still pending and discovery is ongoing.

On October 16, 2009, the Plaintiff filed the within action. On October 15, 2009, the day prior to the filing of this case the Summons was issued. On October 17, 2009, the

---

[1] Affidavit of Eric Miller will be filed in Support of this Motion within ten business days of the filing of this Motion.

2

Summons and a copy of the Complaint was hand delivered by the Plaintiff personally to the Defendant's residence located at 570 Cresthill Ave., Atlanta, Ga, 30306.[2]

On or about October 30, 2009, a letter was sent to the Plaintiff in regards to this litigation. A request was made to dismiss the matter as it is frivolous and without support in the law of the facts. The Plaintiff has failed to dismiss this action and has now filed an even more frivolous Motion for Summary Judgment alleging willful violations of the discharge order, for violating the Contract Disputes Act and for willful violations of the Federal False Claims Act.

## II.   LAW and ARGUMENT

### A. The Plaintiff has Failed to Set Forth any Evidence to Establish that He Is Entitled to Summary Judgment

A moving party is only entitled to summary judgment "if the pleadings, discovery, and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed R.Civ.P. 56 (c). "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." Rojas v. Florida, 285 F.3d 1339 (11th Cir. 2002).

In the case at hand the Plaintiff has pointed to no evidence in the record that establishes that there is no material issue of facts which would entitle him to a summary judgment. To the contrary as can be seen below the statutes as set forth by the Plaintiff do not apply. In addition as can be seen by the Defendant's Motion to Dismiss this action

---

[2] Affidavit will be submitted in support of service allegations within 10 days of the filing of this Motion.

3

is not even appropriate as there is no pending Bankruptcy Action and the Court does not have jurisdiction. The affidavits submitted by the Defendant in this action clearly establish that there is no material issue of fact that the alleged contract was between the Defendant and the company owned and operated by the Plaintiff. Accordingly, the Defendant requests that the Plaintiff's Motion be denied and that this action be dismissed.

### B. There is No Violation of the Discharge Order

Plaintiff files this Request for Summary Judgment alleging that there has been a violation of the discharge Order under 11 USC section 727 and the affects of 11 USC section 524. This argument is completely frivolous and without any plausible support pursuant to the facts of this case and pursuant to the law. The Plaintiff in this matter has set forth absolutely no facts which support or suggest how the Defendant has violated the automatic stay provisions of bankruptcy law or the discharge provisions of 11 USC section 524.

If this matter were not so serious the Plaintiff's Request might almost be laughable. The Plaintiff in this matter is the litigant that filed suit against the Defendant not vice versa so even if the discharge granted to the Plaintiff in his Chapter 7 Bankruptcy applied to the debt at issue it is the Plaintiff that is pursuing litigation and the Defendant is merely protecting himself against frivolous and baseless litigation. If the facts of this matter are closely examined it can quickly be determined that neither the automatic stay provisions or the discharge provisions of bankruptcy law apply to this matter.

First and foremost there is no Chapter 7 bankruptcy pending and as such there is no stay against any litigation by or against the Plaintiff. Second and as equally

4

important the Trustee in the Plaintiff's Chapter 7 bankruptcy on March 23, 2009, confirmed that he had made a diligent inquiry and that there was no property of the estate to distribute. In addition the Trustee confirmed that any debt owed by the Defendant was owed not to the Plaintiff but to the company owned by the Plaintiff, To to Bottom Renovations, Inc., This entity did not file for bankruptcy and did not have any discharge order granted thereto.

C. The Defendant Has Not Violated the Contract Disputes Act

The second reason that the Plaintiff contends that he is entitled to Summary Judgment is for alleged violations of the Contract Disputes Act as governed by 41 USC section 612. The Plaintiff's claim is again without any support in law or fact as the Contract Disputes Act does not apply to this dispute as the statute clearly only applies to contract entered into by the executive agency for the procurement of property; the procurement of services, the procurement of construction, alteration, repair or maintenance of real property; or, the disposal of personal property. 41 USC section 602. The Contract Disputes Act does not apply to contracts between individuals only to contracts to which an executive agency of the government is a party thereto. The government is not a party to any contract with the Defendant. (Affidavit of Eric Miller). The contract at issue in this litigation is between the Defendant and the company ownede and operated by the Plaintiff. (Affidavit of Eric Miller). Accordingly, the Contract Dispute Act does not apply and the Plaintiff's request should be denied.

D. The Defendant Has Not Violated the Federal False Claims Act

The third bases that the Plaintiff sets forth as to his entitlement to a summary judgment is an allegation that the Defendant has violated the provisions of the Federal

5

False Claims act pursuant to 31 USC sections 3729-3733 as amended by the Fraud Enforcement and Recovery Act of 2009. The Federal False Claims Act does not apply to the litigation at issue. The Federal False Claims Act does not apply to litigation between private individuals rather it is a statute aimed at preventing false claims to the government seeking payment for the same. 31 USC section 3729 and 3730 are quite clear in providing that a claim pursuant to the act is only appropriate if any person:

(1) knowingly presents or causes to be presented, to an officer or employee of the United States government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

(4) has possession, custody, control of property or money used or to be used by the Government . . . ;

(5) authorized to make or deliver a document . . .; intending to defraud the Government . . .;

(6) knowingly buys . . . public property from an officer or employee of the Government . . . ; or,

(7) knowingly makes, uses . . . an obligation to pay or transmit money or property to the Government . . .

Liability pursuant to the statute only occurs in situations in which claims or false statements are made to an employee of the United States government. Accordingly as the action at hand does not involve an employee of the United States government the Plaintiff's claims fail and he is not entitled to summary judgment.

III. **CONCLUSION**

6

Wherefore, for the above stated reasons the Defendant respectfully requests that the Plaintiff's Motion be denied and that the Plaintiff be sanctioned pursuant to B.R.P. 9011 for filing a baseless and frivolous motion.

This 21st day of December, 2009.

Kimberly A. Dymecki
Ga. Bar No. 236940

152 Nassau Street
Atlanta, Georgia 30303
(404)230-9155

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within Response upon the opposing party by depositing a copy in this United States Mail with adequate postage affixed to insure delivery to:

Glenn Favre
110 South Columbia Drive # 11
Decatur, Georgia 30030

This 21st day of December, 2009.

Kimberly A. Dymecki
Ga. Bar No. 236940

152 Nassau Street
Atlanta, Georgia 30303
(404)230-9155

7