UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ENTERED ON
JAN 1 9 2010
DOCKET

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| **GLENN ROYCE FAVRE,** | ) | CASE NO. 08-85264 - MHM |
| | ) | |
| Debtor. | ) | |
| | ) | |
| GLENN ROYCE FAVRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 09-9072** |
| ERIC MILLER, | ) | |
| | ) | |
| Defendants. | ) | |

**DISMISSAL ORDER**

Debtor filed his complaint against Defendant to collect a debt arising from a contract between Debtor and Defendant for repairs to Defendant's house. Defendant filed a motion to dismiss. Debtor failed to file a response. In Debtor's main bankruptcy case, the discharge order was entered April 7, 2009, and the case was closed.

Under 28 U.S.C. §157(b)(3) states in relevant part: "The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." A non-exclusive list of core proceedings is provided in § 157(b)(2):

Core proceedings include, but are not limited to–

(A) matters concerning the administration of the estate;

- (B) allowance or disallowance of claims against the estate or exemptions from property of the estate and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not litigation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;
- (C) counterclaims by the estate against persons filing claims against the estate;
- (D) orders in respect to obtaining credit;
- (E) orders to turn over property to the estate;
- (F) proceedings to determine, avoid, or recover preferences;
- (G) motions to terminate, annul, or modify the automatic stay;
- (H) proceedings to determine, avoid, or recover fraudulent conveyances;
- (I) determinations as to the dischargeability of particular debts;
- (J) objections to discharges;
- (K) determinations of the validity, extent, or priority of liens;
- (L) confirmations of plans;
- (M) orders approving the use or lease of property, including the use of cash collateral;
- (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; and
- (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

The dispute between Debtor and Defendant is a non-core proceeding. *Whiting-Turner Contracting Co. v. Electric Machinery Enterprises, Inc.*, 479 F. 3d 791 (11th Cir. 2007). Bankruptcy courts have subject matter jurisdiction to hear cases that are **non-core** proceedings under § 157(c). Bankruptcy courts may hear a non-core matter if it arises under Title 11 or is related to a case under Title 11. Section 157(c)(1) states in relevant part:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy's judge's proposed findings and conclusions....

2

The criteria for determining if a proceeding is related to a bankruptcy case are substantially broader than the criteria required to find a proceeding is a core proceeding. The test for related proceedings is set forth in *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990).[1] In *In re Lemco Gypsum, Inc.*, the Eleventh Circuit established the threshold for related proceedings as "'whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or the debtor's property.'" *Id.* at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

The instant proceeding could not conceivably have an effect on Debtor's estate, as the estate has been fully administered, the discharge entered, and the Chapter 7 case closed. Therefore, this court lacks subject matter jurisdiction to hear the claim asserted by Debtor in this adversary proceeding. Additionally, Defendant's motion to dismiss shows that the contract for repairs to Defendant's house was between Defendant and Top to Bottom Renovations LLC, not Debtor individually, and that an identical action between Debtor and Defendant is currently pending in state court. Accordingly, it is hereby

ORDERED that this adversary proceeding is ***dismissed.***

The Clerk, U.S. Bankruptcy Court, is directed to serve a copy of this order upon Debtor, Defendants, the Chapter 7 Trustee, and the U.S. Trustee.

IT IS SO ORDERED, this the 18th day of January, 2010.

MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE

---

[1] "*Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir.1990), is the seminal case in this Circuit on the scope of the bankruptcy court's 'related to' jurisdiction." *Continental Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340 (11th Cir. 1999).